**William E. FREESE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16518.**

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1971.

Joe Boatman, Muskogee, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

This is an appeal from a judgment denying an Application for Post Conviction Relief. 22 O.S.Supp.1970, § 1087.

Plaintiff in Error, William E. Freese, hereinafter referred to as defendant, was convicted of Child Beating in the District Court of Muskogee County, Case No. CRF 70–122, and sentenced to Five Years imprisonment. Subsequently, defendant filed for a Writ of Habeas Corpus which was considered as an Application for Post Conviction Relief in the District Court. The matter came on before Judge C. F. Bliss, Jr., on February 18, 1971, with defendant present and represented by court-appointed counsel, Joe Boatman. After hearing the evidence and making his findings the judge denied relief and this appeal was perfected therefrom.

Defendant contends that the judgment denying relief is not supported by the evidence.

The District Court made findings of fact which we note in relevant part as follows:

"That the Defendant in this case was duly charged by information [on] 12–19–70, with the crime of Child Beating which is a felony under the laws under the State of Oklahoma carrying a maximum punishment of confinement in the Oklahoma State Penitentiary for five (5) years. That on the 12th day of May, 1970, [sic] he was brought before the Examining Magistrate before the information had been filed which was Judge Cecil Robertson the special District Judge for arraignment. That the Magistrate appointed him an Attorney, Mr. Jan Cartwright, who is an able, capable and trustworthy lawyer and a member of good standing of the Bar of Muskogee County and the State of Oklahoma. That at that arraignment and after Mr. Cartwright was appointed as an Attorney a plea of Not Guilty was entered. That he was brought before the Examining Magistrate for a preliminary hearing, witnesses were produced and at that hearing he was represented by Mr. Jan Cartwright. That the preliminary hearing was held following which he was held for trial in this District Court for the crime of Child Beating.

That on the same day following the preliminary hearing was brought before the District Court before Judge Claude Garrett for arraignment and he appeared by his said Attorney and in person and that he was advised of his legal rights and he was advised of his rights for trial by jury and in the presence of the Court and in the presence of his Attorney he knowingly and intelligently waived a trial by jury and entered a plea of Guilty as charged.

That is he plead Guilty to the crime of Child Beating and that he was not coerced in doing that and he was not promised anything as to entering that plea and it would appear that he did it on his own free will and accord that it was obvious before he entered the plea from an open statement in the Courtroom by the District Attorney that the maximum punishment would be recommended. The Court followed that recommendation and pronounced sentence of five (5) years. The defendant was advised of his rights of appeal from the judgment of and sentence of the Court and again in open Court at that time and with able and capable counsel he knowingly and intelligently waived his right of appeal."

We are of the opinion the evidence supports the findings of the District Court and that the judgment denying Post Conviction Relief should be affirmed.

BUSSEY, P. J., and BRETT, J., concur.